**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| Jacqueline Robert<br>     Plaintiff(s)<br><br>v.<br><br>Novo Nordisk Inc. and Novo Nordisk A/S<br>     Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Jacqueline M Robert _____.

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

✓ Novo Nordisk Inc.

✓ Novo Nordisk A/S

_____ Eli Lilly and Company

_____ Lilly USA, LLC

_____ other(s) (identify): _____

2

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Norco, Louisiana

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Louisiana

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Louisiana

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Norco, Louisiana

10. Jurisdiction is based on:

✓ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Eastern District of Louisiana

12. Venue is proper in the District Court identified in Paragraph 11 because:

✓ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## PRODUCT USE

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

✓ Ozempic (semaglutide)

✓ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic- September 2021 - July 2024

Wegovy- August 2024 - April 2025

5

**INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) _____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

✓ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

✓ Additional/Other(s) (specify): Severe, persistent nausea and vomiting, abdominal pain, and related conditions associated with Ozempic and Wegovy use requiring hospital and ER care.

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

April 2025
_____

_____

_____

_____

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

✓ Injury to self

_____ Injury to person represented

✓ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

**CAUSES OF ACTION**

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_____    Count I:      Failure to Warn – Negligence

_____    Count II:     Failure to Warn – Strict Liability

_____    Count III:    Breach of Express Warranty/Failure to Conform to Representations

_____    Count IV:     Breach of Implied Warranty

✓ ___    Count V:      Fraudulent Concealment/Fraud by Omission

✓ ___    Count VI:     Fraudulent/Intentional Misrepresentation

_____    Count VII:    Negligent Misrepresentation/Marketing

_____    Count VIII:   Strict Product Liability Misrepresentation/Marketing

_____    Count IX:     Innocent Misrepresentation/Marketing

✓ ___    Count X:      Unfair Trade Practices/Consumer Protection (see below)

_____    Count XI:     Negligence

_____    Count XII:    Negligent Undertaking

✓ ___    Count XIII:   State Product Liability Act (see below)

_____    Count XIV:    Wrongful Death

_____    Count XV:     Loss of Consortium

_____    Count XVI:    Survival Action

✓ ___    Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

See Attachment "A" for Counts V & VI.

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/

are bringing such claims:

La. Rev. Stat. Ann. § 51:1401 et seq., the Unfair Trade Practices and Consumer Protection

Law including, La. Rev. Stat. Ann. § 51:1405 Unfair Acts or Practices.

b.   Identify the factual allegations supporting those claims (by subsection, if

applicable):

'See Attachment "B_____

_____

_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

9

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

      a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

La. Rev. Stat. Ann. § 9:2800.51 et seq., the Louisiana Products Liability Act, which is a negligence and strict liability based recovery, including La. Rev. Stat. Ann. § 9:2800.57 Unreasonably Dangerous because of Inadequate Warning and La. Rev. Stat. Ann. § 9:2800.58 Unreasonably Dangerous because of Nonconformity to Express Warranty.

      b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Failure to Warn- Negligence; Failure to Warn- Strict Liability; Breach of Express Warranty/ Failure to Conform to Representations; Breach of Implied Warranty; Negligent Misrepresentation/ Marketing; Strict Product Liability Misrepresentation/ Marketing; Innocent Misrepresentation/ Marketing; Negligence; Negligent Undertaking

      c.  Identify the factual allegations supporting those claims:

See pg. 173, et seq., of Master Complaint (Failure to Warn- Negligence); See pg. 184, et seq., of Master Complaint (Failure to Warn- Strict Liability); See pg. 194, et seq., of Master Complaint (Breach of Express Warranty/ Failure to Conform to Representations); See pg. 199, et seq., of Master Complaint (Breach of Implied Warranty); See pg. 227, et seq., of Master Complaint (Negligent Misrepresentation/ Marketing); See pg. 232, et seq., of Master Complaint (Strict Product Liability Misrepresentation/ Marketing); See pg. 238, et seq., of Master Complaint (Innocent Misrepresentation/ Marketing); See pg. 245, et seq., of Master Complaint (Negligence); See pg. 248, et seq., of Master Complaint (Negligent Undertaking).

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?  __n/a__ .  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.


Date: 4/30/2026

By:/s/ Mackenzi L. Saucier
Mackenzi L. Saucier (LA Bar No. 40937)
Betsy J. Barnes (La. Bar No. 19473)
John C. Enochs (La. Bar No. 22774)
Alex F. Connolly (MS Bar No. 101680)
MORRIS BART, L.L.C.
601 Poydras St. 24th Floor
New Orleans, LA 70130
Telephone: (504) 525-8000
Fax: (504) 599-3380
msaucier@morrisbart.com
bbarnes@morrisbart.com
jenochs@morrisbart.com
aconnolly@morrisbart.com
Attorneys for Plaintiff